IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION



FILED
JUN 23 2016
DAVID CREWS, CLERK
BY_____
     Deputy

| | |
|---|---|
| THE ESTATE OF ANDREW TYLER PENNINGTON, DECEASED | **PLAINTIFF** |
| VS. | CAUSE NO. 1:16CV110-DMB-DAS |
| SOUTHERN MOTION, INC. | **DEFENDANT** |

**JURY TRIAL DEMANDED**

## COMPLAINT

**COMES NOW,** the Estate of Andrew Tyler Pennington, Deceased, by and through counsel, and files this Complaint against Defendant Southern Motion, Inc. and would respectfully show unto this Court the following facts to support this action:

### I. THE PARTIES

1. Tyler Pennington departed this life on April 3, 2015. John Higgins was appointed Administrator of the Estate of Tyler Pennington by Decree entered by a Mississippi Court on August 11, 2015. John Higgins is properly authorized to bring this action on behalf of the Estate as the duly appointed Administrator.

2. Defendant Southern Motion, Inc. is a corporation doing business within the State of Mississippi. Defendant may be served with process by service upon its registered agent for service of process: Albert G. Delgadillo, 105 South Front Street, Post Office Box 7120, Tupelo, Mississippi 38802.

### II. JURISDICTION

3. This Court has federal question jurisdiction under 28 U.S.C. § 1331 for a cause of action arising under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy

Discrimination Act. Jurisdiction and venue are proper in this Court.

### III. FACTS

4. Andrew Tyler Pennington ("Pennington") was employed by Southern Motion, Inc. as a frame builder starting on January 19, 2015. Pennington was a former United States Marine and served in combat deployments in Iraq.

5. Shortly before his employment with Defendant began, Pennington learned that his wife had become pregnant. Pennington's wife's pregnancy was considered a high-risk pregnancy.

6. On or about March 30, 2015, Pennington took a day off from work to accompany his wife to her physician for a pregnancy-related appointment.

7. Defendant Southern Motion, Inc. terminated Pennington's employment on upon his attempted return to work. Defendant gave Pennington pretextual reasons for his termination.

8. The reasons Defendant gave for Pennington's termination were pretexts for discrimination. The real reasons for which Pennington was terminated were Pennington's gender and his wife's pregnancy.

9. Pennington was despondent following his wrongful termination by Defendant Southern Motion, Inc. and the looming inability to support his growing family. Pennington subsequently committed suicide. Pennington's suicide was motivated in part by the wrongful loss of his job.

10. Pennington's Estate was opened in the Lee County, Mississippi Chancery Court. The Estate filed a Charge of Discrimination with the Equal Employment Opportunity Commission, attached hereto as Exhibit "A." The Estate has received a right-to-sue letter from the EEOC, attached hereto as Exhibit "B."

## IV. DISCRIMINATION BASED ON SEX AND PREGNANCY

11. Pennington was terminated from his position at Southern Motion, Inc. because of his sex and because of his wife's pregnancy in violation of Title VII of the 1964 Civil Rights Act as amended by the Pregnancy Discrimination Act.

12. Pennington's Estate has standing to sue under Title VII of the 1964 Civil Rights Act, as Amended by the Pregnancy Discrimination Act, because Pennington was discharged because of his gender and his wife's pregnancy.

13. Alternatively, there were mixed motives for Pennington's termination and some of the reasons for his termination were his gender and his wife's pregnancy.

14. Pennington was qualified to perform his job at Southern Motion, Inc. Pennington suffered an adverse employment action in that he was terminated. Pennington was treated less favorably than male employees whose wives were not pregnant. Alternatively, upon information and belief, Pennington was replaced by a person whose wife was not pregnant.

15. Defendant is liable for terminating Pennington in violation of Title VII of the 1964 Civil Rights Act as amended by the Pregnancy Discrimination Act.

16. Defendant's actions were malicious and done with reckless indifference such that punitive damages should be imposed against Defendant.

## V. REQUEST FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays for damages in an amount to be determined by a jury and for reasonable attorney's fees. Plaintiff requests damages for back-pay, mental anxiety and emotional distress, and punitive damages. Plaintiff requests an award of his reasonable attorneys' fees. Plaintiff requests trial by jury. Plaintiff further requests such other and more general relief to which he is entitled.

3

**RESPECTFULLY SUBMITTED**, this the 23rd day of June, 2016.

                              **MCLAUGHLIN LAW FIRM**

By: _____
               R. Shane McLaughlin (Miss. Bar No. 101185)
               Nicole H. McLaughlin (Miss. Bar No. 101186)
               338 North Spring Street Suite 2
               P.O. Box 200
               Tupelo, Mississippi 38802
               Telephone: (662) 840-5042
               Facsimile: (662) 840-5043
               E-mail: rsm@mclaughlinlawfirm.com

               **ATTORNEYS FOR PLAINTIFF**

4

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☒ EEOC | H90-2015-02429 |

and EEOC

State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) | |
|---|---|---|
| Andrew Tyler Pennington, (through John Higgins, Administrator) | 662-348-5462 | |
| STREET ADDRESS    CITY, STATE AND ZIP CODE | | DATE OF BIRTH |
| 237 Knight Drive, Saltillo, Mississippi | | June 12, 1986 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Southern Motion, Inc. | 100+ | 662-489-9301 |
| STREET ADDRESS    CITY, STATE AND ZIP CODE | | COUNTY |
| 161 Prestige Drive, Pontotoc, Mississippi 38863 | | Pontotoc |
| NAME | TELEPHONE NUMBER (Include Area Code) | |
| STREET ADDRESS    CITY, STATE AND ZIP CODE | | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ AGE<br>☐ RETALIATION ☐ NATIONAL ORIGIN ☐ DISABILITY ☒ OTHER (PDA) | EARLIEST (ADEA/EPA)   LATEST (ALL)<br>April 2, 2015<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Complainant was employed by Respondent starting on January 19, 2015. Complainant was a good employee. Complainant was a United States Marine and served in combat deployments in Iraq.

Shortly before Complainant began his employment with Respondent, his wife became pregnant. On or about March 30, 2015, Complainant took a day off from work to accompany his pregnant wife to the OB/GYN for a pregnancy-related physician appointment.

Complainant was summarily terminated upon his attempted return to work. Respondent gave pretextual reasons for the termination. The real reasons for Complainant's termination were his gender and his wife's pregnancy. Complainant's termination was motivated by the fact that his wife was pregnant.

Complainant was despondent following his wrongful termination and the looming inability to support his growing family. Complainant subsequently committed suicide. Complainant's suicide was motivated in part by the wrongful loss of his job. Complainant's Administrator contends that Complainant was terminated in violation of Title VII of the 1964 Civil Rights Act, as Amended by the Pregnancy Discrimination Act. Complainant's Administrator requests the EEOC to investigate this Charge of Discrimination.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>_signature_, As Administrator<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month, and year) |

[Stamp: EQUAL EMPLOYMENT OPPORTUNITY COMM. RECEIVED SEP 2 2 2015 MEMPHIS, TEN]

[Exhibit A]

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Estate Of T. Andrew Pennington<br>Through John Higgins Administrator<br>237 Knight Drive<br>Saltillo, MS 38866 | From: | Memphis District Office<br>1407 Union Avenue<br>Suite 901<br>Memphis, TN 38104 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 490-2015-02429 | Sonya N. Murphy, Investigator | (901) 544-0156 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Audrey Bonner jr*

Katharine W. Kores,
Director

MAR 2 9 2016
*(Date Mailed)*

Enclosures(s)

cc:   Joe Vance
      Human Resources Director
      SOUTHERN MOTION, INC.
      P. O. Box 1064
      Pontotoc, MS 38863

      R Shane McLaughlin
      MCLAUGHLIN LAW FIRM
      338 North Spring Street
      Suite 2
      Tupelo, MS 38804