**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

| | |
|---|---|
| **THE ESTATE OF ANDREW TYLER PENNINGTON, DECEASED** | **PLAINTIFF** |
| **V.** | **NO. 1:16-CV-110-DMB-DAS** |
| **SOUTHERN MOTION, INC.** | **DEFENDANT** |

## ORDER

On June 23, 2016, the Estate of Andrew Tyler Pennington filed a complaint against Southern Motion, Inc. alleging "discrimination based on sex and pregnancy" in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act. Doc. #1. On November 9, 2016, Southern Motion, after answering the complaint, filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Doc. #15.

On September 6, 2017, the Court granted the motion for judgment on the pleadings because the Estate "failed to assert sufficient facts to plausibly suggest that Pennington was treated less favorably than those outside his protected class." Doc. #48 at 9. Based on this pleading deficiency, the Court dismissed the Estate's claims with leave to file an amended complaint within twenty-one days of the order. *Id*. at 9–10.

On September 22, 2017, the Estate filed a "Motion for Entry of Final Judgment." Doc. #49. The Estate represents in the motion that it cannot amend the complaint to state a claim pursuant to the Court's ruling "consistent with [its] counsel's obligation under Fed. R. Civ. P. 11." *Id*. at ¶¶ 2, 4. The Estate further represents that it "intends to appeal the [September 6, 2017] Order to the Fifth Circuit. However, a dismissal of Plaintiff's claims without prejudice, with allowance to amend the Complaint to plead additional facts, is not a final appealable judgment." *Id*. at ¶ 3.

"Plaintiff moves the Court to enter a Final Judgment so that Plaintiff may perfect an appeal." *Id.* at ¶ 4. According to the Estate, Southern Motion does not oppose the entry of a final judgment. *Id.* at ¶ 5.

Where, as here, a complaint has been dismissed with leave to amend, "a plaintiff may obtain an appealable final judgment by filing in writing a notice of intent to not to file an amended complaint." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004) (quotation marks and alterations omitted). Because the Estate will not amend its complaint, a final judgment should be entered. Accordingly, the Estate's motion for entry of final judgment [49] is **GRANTED**. A final judgment will be separately issued.

**SO ORDERED**, this 6th day of December, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**